UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:99-CR-24-F5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES LEONARDO POWELL, | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's pro se letter motion [DE-381]. Powell requests reconsideration of the court's denial of his § 3582(c) motion [DE-379]. The Fourth Circuit prohibits motions for reconsideration in the district court of prior rulings denying § 3582(c) relief.[1] *See United States v. Mann*, 435 F. App'x 254, 255-56 (4th Cir. 2011), *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). Accordingly, Powell's motion [DE-381] is DENIED.

To the extent Powell requests further explanation of the reason that the amendment did not have the effect of lowering his guideline range, the court will accommodate that request. By order dated September 17, 2009 [DE-370], the court granted Powell's *earlier* request for § 3582(c) relief and reduced his sentence to 262 months. As that order explained, the amendments applicable in 2009 lowered Powell's guideline range to 262 to 327 months.

After the 2009 reduction, Powell again sought § 3582(c) relief based on the 2010 amendments to the guidelines. The 2010 amendments reduced the base offense levels associated with distribution of certain amounts of crack cocaine. However, the 2010 amendments did not

---

[1] If Powell felt the court erred when it denied his motion for § 3582(c) relief, his remedy was a direct appeal from the court's order. Of course, the deadline for filing an appeal has long since passed.

have the effect of lowering the guideline range for every defendant convicted of crack cocaine distribution. This is so because the 2010 base offense level reductions are tied to the amount of cocaine the defendant was held responsible for in his presentence report. If that drug weight produces the same base offense level under the 2010 amendments as the Defendant's current base offense level, the amendment will not have the effect of lowering the Defendant's guideline range.

This is what occurred in Powell's case. Powell was held responsible for 604.14 grams of cocaine, 3,611.4 grams of cocaine base, and 2,152.18 grams of marijuana. That drug weight corresponds to a base offense level of 36 under the 2010 amendments, which when combined with his two level enhancement for possession of a firearm in connection with the offense and a criminal history category of two, produces the same guideline range (262 to 327 months) under the 2010 amendments that it did under the amendments applicable when the court reduced Powell's sentence in 2009. Thus, "the amendment does not have the effect of lowering Powell's guideline range." August 28, 2013 Order [DE-381].

SO ORDERED.

This the 27th day of August, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge

2